UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JORDAN J.,[1]

                                     Plaintiff,        Case # 19-cv-06597-FPG

v.                                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                    Defendant.
_____

## INTRODUCTION

On May 5, 2016, Plaintiff protectively applied for Supplemental Security Income under Title XVI of the Act. Tr.[2] 107. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Brian Kane on August 30, 2018. Tr. 28-66. At the hearing, Plaintiff and vocational expert Dawn Blythe (the "VE") testified. Tr. 28-66. On October 1, 2018, the ALJ issued an unfavorable decision. Tr. 7-20. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 13. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the ALJ's decision is AFFIRMED.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 7.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

I.    **District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II.   **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520, 416.920.

# DISCUSSION

## I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 5, 2016, the alleged onset date. Tr. 12. At step two, the ALJ found that Plaintiff has the following severe impairments: "history of gunshot wound to left leg/buttocks with residual hip and knee disease." Tr. 12. At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the Listings impairments. Tr. 13. The ALJ determined that Plaintiff maintained the RFC to perform the full range of sedentary work.[4] Tr. 13. At steps four and five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform. Tr. 16. As such, the ALJ found that Plaintiff was not disabled.

## II. Analysis

Plaintiff argues that the ALJ's RFC determination (1) does not accurately reflect the opinion of consultative examiner Nikita Dave, M.D., to which the ALJ claimed to have given "significant weight"; and (2) fails to account for various exertional limitations found in the medical evidence. ECF No. 9-1 at 1. This Court disagrees.

In formulating the RFC, the ALJ discussed Plaintiff's July 2016 independent physical examination with consultative examiner Dr. Dave. Tr. 14-15. The ALJ noted that Dr. Dave's

---

[4] Sedentary work is defined as

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a).

examination of Plaintiff revealed "some strength loss in the left thigh/leg and an abnormal gait on the left side." Tr. 14. Dr. Dave opined that "[Plaintiff] would have moderate to marked limitation with regard to lifting/carrying, standing and walking and with squatting/climbing." Tr. 14. The ALJ discussed this opinion, noting that, while "[t]he term 'moderate to marked' is somewhat vague," the medical evidence in the record "clearly suggest[s] that the [Plaintiff] would struggle with walking/standing and heavier lifting." Tr. 14.

However, with respect to squatting and climbing, the ALJ concluded that the presence of limitations is "less clear." Tr. 14. The ALJ cited evidence from the record that (1) Plaintiff "continued to perform some significant (if short term) work during the relevant period," including "just prior to the hearing";[5] and (2) Plaintiff regularly traveled long distances (over 300 miles) to see the medical specialist who prescribed his pain management medication. Tr. 14. Thus, the ALJ concluded that, with medication, Plaintiff "appears capable of significant orthopedic maneuvering." Tr. 14. Ultimately, the ALJ afforded Dr. Dave's opinion "significant weight," except for the findings related to squatting and climbing limitations. *See* Tr. 14.

Plaintiff asserts that the ALJ's determination that he can perform the full range of sedentary work without additional exertional limitations "does not correlate with the opinions of record, especially the opinion from Dr. Dave, which was assigned 'significant weight.'" ECF No. 9-1 at 12. However, "several courts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant has moderate difficulties in prolonged sitting or standing." *DeRosia v. Colvin*, No. 16-CV-6093P, 2017 WL 4075622, at *21 (W.D.N.Y. Sept. 14, 2017). Indeed, the ALJ affording "significant weight" to the portion of Dr.

---

[5] Plaintiff worked for a painting company in 2017. *See* ECF No. 13-1 at 3, 13; Tr. 33-35. Plaintiff's job was to prepare baseboards for the application of paint and Plaintiff noted that his medications aided him in dealing with "all the squatting." *See* ECF No. 13-1 at 13; Tr. 54.

4

Dave's opinion that found moderate to marked limitations in lifting, carrying, standing, and walking "is not inconsistent with the ALJ's conclusion that [Plaintiff] could perform the exertional requirements of sedentary work." *DeRosia*, 2017 WL 4075622, at *21.

Next, Plaintiff cites evidence in the record that suggests his functional deficits, especially with respect to squatting/climbing, are more severe than the findings that underscore the ALJ's RFC determination, and he asserts that the ALJ "provides no explanation for failing to incorporate any [additional] exertional limitations." ECF No. 9-1 at 13-14. However, as noted above, the Court must determine "whether the SSA's conclusions were supported by substantial evidence in the record[.]" *Talavera*, 697 F.3d at 151 (citing 42 U.S.C. § 405(g)). The Court is not concerned with whether substantial evidence supports the claimant's position; rather, the Court must decide whether substantial evidence supports the ALJ's decision. *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order). "Under this very deferential standard of review, once an ALJ finds facts, [courts] can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Id.* at 58-59 (internal quotation marks and citation omitted) (emphasis in original). It is the ALJ's job to resolve conflicting record evidence and the Court must defer to that resolution. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve."); *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (when the court reviews a denial of disability benefits it must "defer to the Commissioner's resolution of conflicting evidence").

Although the record does reflect that Plaintiff suffers from ongoing pain and limitations due to a left hip injury caused by a gunshot wound, the ALJ accounted for Plaintiff's physical impairments in limiting him to sedentary work. In addition, the ALJ's RFC determination is supported by evidence in the record, including (1) Plaintiff's ability to perform some work during

the disability period, "including a fulltime schedule at least for short term jobs as recently as 2018," Tr. 14-15; (2) Plaintiff's ability to travel long distances to see a medical specialist, "which suggests an ability to sit for long periods and to walk/stand to a significant degree," Tr. 14-15; and (3) the fact that Plaintiff "apparently exhibited a normal gait" at a March 2017 appointment, Tr. 16. Based on a review of the ALJ's RFC determination and the existing record, the Court finds that the ALJ's RFC assessment was supported by substantial evidence. *See Pellam v. Astrue*, 508 Fed. App'x 87, 90 (2d Cir. 2013) (summary order).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 9, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 13, is GRANTED, and the complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 16, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court